Mulligan, J.
This is an action to recover interline charges for services rendered by one common carrier to another. The services, which form the basis of the suit, were between December 12, 1968 and October 29, 1970 pursuant to an “Accounting Agreement” between the parties. The plaintiffs commenced suit on September 11, 1974. The complaint was dismissed by the trial judge on the basis of the three year statute of limitations pursuant to Title 49 U.S.C., §16(3)(a), which generally applies to actions by and against common carriers.[2]
The issue presented is whether this three year statute of limitations, or whether the six year period for a common law contract, applies.
The issue of the statute of limitations applicable to “interline accounts”, that is, where one carrier is suing another, has been addressed in a series of cases. The initial interpretation of 49 U.S.C. § 16(3)(a) occurred in Atlantic Coastline R.R. v. Baltimore and Ohio R.R., 12 F. Supp. 711, 718 (D. Md. 1935) where it was determined that the provisions of the statute “seem to contemplate actions or complaints between carriers and shippers, and not between carriers only.” That interpretation was followed in Thompson v. St. Louis-San Francisco Ry., 218 F. 2d 166 (8th Cir. 1954), cert. denied, 348 U.S. 964, 75 S. Ct. 525, 99 L. Ed. 752(1955).
However, the more recent decisions reject that interpretation.[3] In In Re Investigation into Lawfulness of Interchange Arrangements Between Bangor and Aroostook Railroad and CP Rail, 356 I.C.C. 749(1977), aff'd on other grounds sub nom. Bangor & Aroostook R.R. v. I.C.C., 574 F. 2d 1096 (1st Cir.), cert. denied, 439 U.S. 837, 98 S. Ct. 121, 58 L. Ed. 133 (1978), the I.C.C. determined that §16(3) was not solely applicable to actions between carriers and shippers. Two recent cases support the I.C.C.’s broader interpretation. The court in Chicago and North Western Transportation Co. v. Atchison, Topeka and Santa Fe Railway, Co., 609 F. 2d 1221, 1226 (7th Cir. 1979) referring to the I.C.C.’s “detailed examination of the legislative history” of the statute found that “reasoning persuasive”.
*31 In the most recent case, which incidentally involves the same defendant as the case before us, it was stated that Chicago and Northwestern Transportation Co., supra, effectively foreclosed the “possibility that a state statute of limitations might apply.” Atchison, Topeka and Santa Fe v. Blanchette, et als., Trs., 628 F. 2d 1011, 1012 (7th Cir. 1980).
This court is inclined to follow the I.C.C.’s well reasoned interpretation as set forth in In Re Investigation into Lawfulness of Interchange Arrangements, supra. An agency’s interpretation of its own regulation is entitled to great weight. Fioravanti v. State Racing Commission, 6 Mass. App. Ct. 299, 302 (1978); Finkelstein v. Board of Registration in Optometry, 370 Mass. 476, 478 (1976).
• Although the authority is split, weight and logic convince us that the three year statute of limitations was properly applied by the trial judge in dismissing the complaint.

Report dismissed.

 The pertinent part of the statute is as follows: "All actions at law by carriers subject to this chapter for recovery of their charges, or any part thereof, shah be begun within three years from the time the cause of action accrues, and not after."

 Seabord Coast Line R.R. Co. v. Long Island R.R. Co., 447 F. Supp. 108 (E.D. N.Y. 1978), aff'd on other grounds, 595 F. 2d 96 (2d Cir. 1979) focuses upon the retroactive application of the I.C.C.‘s interpretation, and holds that interpretation inapplicable to interline account claims dating back twenty-five years.